**HEARING ON SELF-REPRESENTATION**

BEFORE THE HONORABLE BEN J. ESCH
Superior Court Judge

Nome, Alaska
June 4, 1998
1:41 o'clock p.m.

APPEARANCES:

FOR THE PLAINTIFF:    JOHN R. VACEK
                     District Attorney
                     Post Office Box 160
                     Nome, Alaska 99762

FOR THE DEFENDANT:    ROBERT D. LEWIS
                     Attorney at Law
                     805 West Third Avenue
                     Anchorage, Alaska 99501

Page 348

P R O C E E D I N G S

2NOA-3803
3827

THE CLERK: Superior Court for the Second Judicial District at Nome, Alaska, is now in session. The Honorable Ben Esch presiding.

THE COURT: Please be seated. We're on record in the matter of State of Alaska versus Edward Tocktoo. This is case 2NO-S98-38 criminal. Defendant is present, together with Mr. Lewis, who has been appointed to -- as substitute counsel for him. The state's represented by Mr. Vacek. Mr. Tocktoo is also present.

At the present time we have this matter set on in the form of -- for motion practice in sort of alternative, first a motion to withdraw, and in the alternative, motion to continue. Is that correct, Mr. Lewis?

MR. LEWIS: That's correct, Judge.

THE COURT: Very well then, let's -- what is the situation here?

MR. LEWIS: Well, Judge, I spoke with Mr. Tocktoo personally for the first time today. He indicated to me that he preferred to represent himself at the trial that's presently scheduled for June 15, about 10 days from now. I've indicated in my moving practice that I'd gotten documents in this case on the 1st, and it's not -- you know, I don't want to represent to

Page 349

the court, and it's not clear to me, all of the reasons why Mr. Tocktoo would like to represent himself, but one significant one is that I am not going to be prepared for trial in this case on June the 15th, and Mr. Tocktoo strongly believes that his trial on June the 15th is a date that he does not want to have go by. He wants that trial on that date. I think I have (indiscernible - cough) my own personal schedule in the moving papers here, and I have described to Mr. Tocktoo the simple fact that I have other cases that I'm working on between now and then. I think one of the things that I guess I would advise the court and Mr. Tocktoo is that if I had nothing else to do between now and the 15th, I would probably be ready to go for the trial, but that's just not -- that doesn't happen.

So, as a result of that, and I think Mr. Tocktoo can address, perhaps, some of his other concerns, he prefers to go to trial himself on June the 15th. He's prepared, as I understand it, to waive his right to counsel, and to do that himself. I have advised him that that seems to me to be his only true alternative if he really wants to have a trial on June the 15th. I cannot think of anyone who could put on his case in the remaining 10 days, given what I understand the nature of the defense to be, and the state of the evidence. And he's quite prepared to do that. He is comfortable with that, and I will make some representations to the court along the lines of his competence and that sort of thing. The court

Page 350

may want to inquire of him. If y want my input on that, I'm glad to give it, but that's where we're at today.

THE COURT: All right. Believe me, there won't be an inquiry.

MR. LEWIS: Okay.

THE COURT: Mr. Tocktoo, in this smatter your attorney, who has been appointed indicates to me that he wants out based upon discussions between the two of you because you want him out, and that you want to represent yourself in the upcoming trial, is that correct?

MR. TOCKTOO: Yes, Your Honor. Nobody does not -- only me wants to go to trial. I'm tired of being in jail for something I didn't even commit.

THE COURT: Well, that's what we need to talk about here for a while. What is it, or why is it that you wish to represent yourself?

MR. TOCKTOO: First of all, the public defender didn't want to go to trial because she didn't spend enough time on my case, and Mr. Lewis here doesn't want to go to trial, and I want to get this case over with.

THE COURT: Am I correct then, the only reason you want to represent yourself is so this matter will be tried on the 15th of June?

MR. TOCKTOO: That's it, Your Honor.

THE COURT: That's the only reason?

Page 351

**Page 352**

1  MR. TOCKTOO: (Inaudible reply.)
2  MR. LEWIS: Well, I don't know.
3  4246
4    (Tape change)
5  2NOA-3804
6  0003
7  Mis -- Your Honor, Mr. Tocktoo had said that there is a note
8  here, and -- do you want me to read this, Edward?
9  MR. TOCKTOO: Yes.
10  MR. LEWIS: Or do you want to read it? Okay. He had
11  given me a note earlier, and I took it -- he's taken it back
12  now he's in jail. He's asked me to read it. I don't know
13  if -- it's fairly short, if you don't mind.
14  THE COURT: No.
15  MR. LEWIS: To Judge Esch in Nome Trial Courts, from
16  Edward Tocktoo. It's dated yesterday's date. I, Edward
17  Tocktoo, come before your court, Your Honor, asking that you
18  help or protect my rights on this issue of Rule 45 speedy
19  trial. Your Honor, I ask you to hold a hearing on this matter
20  due to the fact that I cannot get an answer that I feel is in
21  compliance to Rule 45, and it also occurred to me that reading
22  Rule 45 my attorney, Kirsten Bey, only filed motions to prolong
23  the time for the district attorney and help the both of them
24  try and get me to accept a deal. I took a deal once before and
25  it hurt me, but this time I am fighting it all the way, and I

**Page 353**

1  hope it would be evident, and the people of Brevig Mission
2  behind me, and you, Your Honor, we will find the truth that I
3  am not guilty. Thank you. Edward Tocktoo.
4  THE COURT: All right. So, Mr. Tocktoo, you have some
5  concerns about the application of Rule 45?
6  MR. TOCKTOO: Yes, Your Honor. Kirsten Bey told me that
7  my 120 days is up on April 11th. The motions came up on the
8  20th, and I'm lost on nine days. I'm wondering where was --
9  where was I on the nine days. I know I was up in AMCC, but on
10  the.....
11  THE COURT: Well, Mr. Tocktoo, Rule 45 is a rule of court
12  that begins to run as of the date you are advised you're first
13  served with a charging document, and the rules say that you
14  have to have a trial which begins within 120 days of that date.
15  However, there are certain periods of time that may be added on
16  to that 120 days. Those are basically excluded from being
17  counted. And amongst those are any days in which there are any
18  motions, and your attorney filed some motions, and those days
19  don't count when you start adding up 120.
20  MR. TOCKTOO: Your Honor, I'd like to say something about
21  this motion.
22  THE COURT: All right.
23  MR. TOCKTOO: I didn't -- at the time when Kirsten Bey was
24  my public defender I didn't tell her it was okay, or she didn't
25  ask me if it was okay for her to make those motions out. She

**Page 354**

1  did them on her own. That's why everything got all messed up
2  on me.
3  THE COURT: you need to understand, Mr. Tocktoo, she
4  doesn't have to have your permission to file the motions.
5  MR. TOCKTOO: I didn't sign any waiver.
6  THE COURT: Don't have to. The rule is, if a motion is
7  filed by your lawyer, the clock stops running and that 120 days
8  doesn't get computed until the time the motion's decided.
9  MR. TOCKTOO: If it's all right, Your Honor, I'd like a
10  copy of this hearing with the state.
11  THE COURT: Everybody gets an opportunity to come and buy
12  a copy of the tape. If you can't afford a copy of the tape, a
13  copy of the tape will be made available, either to you or your
14  attorney. Trust what I tell you. Everything is being taken
15  down so we don't have a problem. But, you need to understand
16  that as such it may not be -- you may have no right to be tried
17  on June 15th, whatever that date is. And you may not have any
18  right to have the charges dismissed after the 16th or some
19  other date immediately following that date.
20  Now, the law gives you the right to represent yourself,
21  but the are certain minimum requirements that I have to go
22  through because it's ultimately up to me to decide whether you
23  are competent to represent yourself. Now, Mr. Lewis is an
24  attorney, being doing this business for a long time. Not as
25  long as me, but longer than he'd probably -- I mean a long

**Page 355**

1  time. He knows how to do these trial. He's done a bunch of
2  them in the past. Given the fact that your Rule 45 rights
3  aren't going to expire as of -- immediately after the 15th of
4  June, you may want to think about asking to have -- represent
5  yourself. Understand that.
6  MR. TOCKTOO: Yes, Your Honor.
7  THE COURT: Mr. Vacek's done this a long time, too. And
8  Mr. Vacek is -- in his mind, the decision -- he wants to put
9  you in jail for a long time. And just like if I got in a
10  boxing ring with Mike Tyson he could probably beat me up pretty
11  easily, Mr. Vacek might be able to -- might be like that
12  with -- if you went to trial with Mr. Vacek all alone, and then
13  you might be there for a long time wishing, God, you know, all
14  things considered, maybe I would have been better off if I'd
15  have waited for Mr. Lewis, because if Mr. Vacek convicts you,
16  he's going to ask you to be in jail for years, not weeks or
17  months, which -- Mr. Lewis will probably be ready in -- next
18  time this thing comes up in four or five weeks.
19  MR. TOCKTOO: Well, I'd stick with the date, Your Honor.
20  THE COURT: So you believe that you really want to
21  represent yourself?
22  MR. TOCKTOO: Yes, Your Honor.
23  THE COURT: And you understand that trials are run by very
24  specific rules, and it's my job here to see those rules are
25  followed. Now and at the time of trial. And if you try to do

**Page 356**

2  something that's against those r--  I'm going to stop you.
3  MR. TOCKTOO: Yes, Your Honor.
4  THE COURT: And do you also understand that if Mr. Vacek
5  does something that's against the rules I'll try to stop him.
6  But at the same time, I'm not acting as your lawyer. I'm just
7  up here making decisions about how things ought to run.
8  MR. TOCKTOO: Yes, Your Honor. I understand that.
9  THE COURT: All right. Now, Mr. Tocktoo, how old are you?
10 MR. TOCKTOO: Twenty-nine.
11 THE COURT: Could you give me a rundown of the formal
12 education you've had?
13 MR. TOCKTOO: Graduated from high school, 12th grade.
14 THE COURT: Where at?
15 MR. TOCKTOO: Brevig Mission. After that I studied a few
16 courses on -- here in Nome with Northwest Community College
17 mining training.
18 THE COURT: Mining?
19 MR. TOCKTOO: (Inaudible reply.)
20 THE COURT: Uh-huh.
21 MR. TOCKTOO: And went to Seward for seafood processor
22 training. The last was in Kotzebue, back in Decem -- October
23 till December. I was up in Kotzebue for plumbing training,
24 getting myself set for this summer's jobs back in Brevig for
25 the water and sewer project.

**Page 357**

1  THE COURT: Has any of that formal training had anything
2  to do with the law?
3  MR. TOCKTOO: No, Your Honor. (Indiscernible - mumbled.)
4  THE COURT: Criminal justice system at all?
5  MR. TOCKTOO: I didn't do that, but I understand I -- way
6  back I was studying back in high school and grade school,
7  studying my Amendments rights and the Constitution there.
8  It's.....
9  THE COURT: Well, you understand there's a big difference
10 between the Amendments to the Constitution and your
11 constitutional rights, and the procedures that are used in a
12 court?
13 MR. TOCKTOO: Yes, Your Honor.
14 THE COURT: Has any of that education focused on criminal
15 law at all?
16 MR. TOCKTOO: No, Your Honor. I didn't see (indiscernible
17 - mumbled).
18 THE COURT: Okay. Now, from the looks of things in my
19 file here, it looks like you have had some previous experience,
20 some prior criminal charges placed against you here in Nome, is
21 that true?
22 MR. TOCKTOO: Yes, Your Honor.
23 THE COURT: Apparently there was a 1992 importation case,
24 and in 1993 you were charged with sexual abuse of a minor, and
25 it looks like in that case you got some time in jail and then a

**Page 358**

1  suspended sentence and you were put on probation, is that
2  correct?
3  MR. TOCKTOO: Yes, Your Honor.
4  THE COURT: Were you represented by a lawyer in that case?
5  MR. TOCKTOO: Yes, Your Honor, Jim Gould.
6  THE COURT: Okay. And did you have a trial?
7  MR. TOCKTOO: No, Your Honor.
8  THE COURT: Doesn't look like you had a trial in that
9  first importation case either.
10 MR. TOCKTOO: No, Your Honor. I was young at the time.
11 THE COURT: Okay.
12 MR. TOCKTOO: Didn't know much. Now I know -- know a lot.
13 THE COURT: Well, that's what I'm about to find out,
14 whether you do, whether you think you do. With regard to that
15 first sexual abuse of a minor charge, did you spend a lot of
16 time talking with Mr. Gould about the case and learning about
17 the procedures of court?
18 MR. TOCKTOO: No, Your Honor.
19 THE COURT: Okay. And you came to court and changed your
20 plea and entered a plea of guilty or no contest in that case,
21 right?
22 MR. TOCKTOO: Yes, Your Honor. Was that the first one,
23 Your Honor?
24 THE COURT: Yeah.
25 MR. TOCKTOO: Yes, Your Honor.

**Page 359**

1  THE COURT: And you got, it looks like, three months in
2  jail, and you were placed on probation. While you were in
3  jail, did you spend time looking at the law books?
4  MR. TOCKTOO: Yes, Your Honor.
5  THE COURT: On that first charge, you spent some time
6  looking at the law books when you were out at Anvil Mountain?
7  MR. TOCKTOO: Yes, Your Honor.
8  THE COURT: All right. Did you talk to other prisoners
9  who knew something about criminal cases and.....
10 MR. TOCKTOO: Just the law librarian.
11 THE COURT: Oh, the law librarian, okay. Did you spend a
12 lot of time reading through those -- the law books out at the
13 law library on that first case?
14 MR. TOCKTOO: Mostly two hours a day.
15 THE COURT: Okay. Well, 1994 you had another case, and in
16 that case you were also charged with sexual abuse of a minor.
17 Did you have a lawyer in that case?
18 MR. TOCKTOO: Yes, Your Honor. Two. First one was Jim
19 Gould, and the second one was Connor Thomas.
20 THE COURT: All right. Was there a particular reason why
21 you changed lawyers?
22 MR. TOCKTOO: First of all, Jim Gould, he didn't told me
23 about one report for over a month. I -- that I should have
24 known soon as I was incarcerated. The report was saying I
25 break into a residence house back in Brevig Mission and raped a

**Page 360**

1 17-year-old girl for two nights, and which I didn't even did.
2 That's why -- that's -- that was the main reason why I wanted
3 to took to trial, and I got Jim Gould out of my case.
4   THE COURT: Well, prior to getting Mr. Gould out of your
5 case, did the two of you spend time talking about criminal --
6 the criminal law, and the procedures they use, and those sort
7 of things?
8   MR. TOCKTOO: Yes, Your Honor.
9   THE COURT: Was he able to explain quite a few things to
10 you?
11  MR. TOCKTOO: Not really. I was -- he was just explaining
12 what -- just motion like trying to go against me, too. Wasn't
13 trying to help me out or anything like that.
14  THE COURT: When you say he wasn't trying to help you out,
15 you mean what? That he didn't.....
16  MR. TOCKTOO: He didn't want to go to trial, too. So did
17 Connor Thomas. I had no choice to plead no contest when Connor
18 Thomas took over my case.
19  THE COURT: All right. So, at some point you were
20 dissatisfied with Mr. Gould, and Mr. Gould was relieved and Mr.
21 Thomas was appointed, right?
22  MR. TOCKTOO: Yes, Your Honor.
23  THE COURT: And did you and Mr. Thomas spend time talking
24 about the procedures and things used in a trial?
25  MR. TOCKTOO: Yes, Your Honor.

**Page 361**

1   THE COURT: But you didn't go to trial in that case?
2   MR. TOCKTOO: No, Your Honor, I -- like I said, I had no
3 choice to plead no contest cause just one week before my trial
4 date Connor Thomas wanted to quit on me, too.
5   THE COURT: Okay. And according to this you also, at the
6 same time, some time in your other case was suspended, and so
7 you ended up having to do two years on that -- on those cases,
8 is that right?
9   MR. TOCKTOO: Yes, Your Honor.
10  THE COURT: Now, while you were in custody in that case,
11 did you spend time at the law library?
12  MR. TOCKTOO: Yes, Your Honor.
13  THE COURT: What sort of things did you read in the law
14 library?
15  MR. TOCKTOO: The procedures on taking the defendant's
16 case on trial, and what the prosecution needs for some
17 evidence.
18  THE COURT: And it doesn't look as if you've had any other
19 cases involved in the criminal justice system. Is that true?
20  MR. TOCKTOO: Yes, Your Honor.
21  THE COURT: So, Mr. Tocktoo, you've had one, two -- it
22 looks like three cases in which you've entered pleas of guilty
23 or no contest each time, is that correct?
24  MR. TOCKTOO: Yes, Your Honor.
25  THE COURT: Now, Mr. Tocktoo, have you ever seen a trial,

**Page 362**

1 sat through one from beginning to end?
2   MR. TOCKTOO: No, Your Honor.
3   THE COURT: Have you ever seen part of a trial?
4   MR. TOCKTOO: No, Your Honor.
5   THE COURT: Have you ever seen trials on television?
6   MR. TOCKTOO: Yes, Your Honor.
7   THE COURT: Understand that this trial won't be anything
8 like the trials you see on television?
9   MR. TOCKTOO: Yeah, I do, Your Honor.
10  THE COURT: When did you make the decision that you wanted
11 to proceed to represent yourself? Was that when you talked to
12 Mr. Lewis yesterday and he wasn't going to be ready to go to
13 trial?
14  MR. TOCKTOO: (Indiscernible) this morning.
15  THE COURT: Okay. And since that time, or before that
16 time, have you ever looked at the rules of court applying to
17 criminal cases to see how things work, and looked at the Rules
18 of Evidence?
19  MR. TOCKTOO: Yes, Your Honor. No, not -- not today,
20 but.....
21  THE COURT: No, I understand not today. But any time in
22 the past have you looked at the rules of court with regard to
23 evidence?
24  MR. TOCKTOO: Yes, Your Honor.
25  THE COURT: You think you understand about the rules of

**Page 363**

1 evidence?
2   MR. TOCKTOO: Yes, Your Honor.
3   THE COURT: With regard to the rules of criminal procedure
4 and the procedures used at trial, do you think you understand
5 those?
6   MR. TOCKTOO: Yes, Your Honor.
7   THE COURT: Do you know who goes first at trial?
8   MR. TOCKTOO: (Indiscernible - away from microphone.)
9   THE COURT: I'm sorry?
10  MR. TOCKTOO: No, Your Honor.
11  THE COURT: If you don't know who goes first, then how are
12 you going to be able to do any good?
13  MR. TOCKTOO: I guess I just got to see who goes on first,
14 Your Honor, and.....
15  THE COURT: But, Mr. Tocktoo, understand -- you say you've
16 just got to decide -- see who goes first, but the point is if
17 you don't know, how can you conduct a trial? If you don't know
18 what happens first, happens second, happens third, you've never
19 been in a trial, you've never seen a trial.
20  MR. TOCKTOO: I don't know what to say right here, Your
21 Honor.
22  THE COURT: I know you don't, and that's what concerns me,
23 because people -- the law gives you the right to represent
24 yourself and give up the right to have a lawyer, but the
25 problem is, at the same time, I have to make sure you

1 understand what you're doing and what the consequences are
2 going to be. And if you don't know the first thing about a
3 trial, it creates real problems for me believing that you
4 understand what you're doing. I mean you're not somebody whose
5 being -- gone through the whole process a lot of times. You're
6 not a -- you're not a repeat offender who's had four trials
7 himself and has a pretty good idea what goes on. You're
8 someone who has been in court before, but it's always been with
9 a lawyer, and it's always ended up with a plea of guilty or no
10 contest, so the only thing that was being argued about is how
11 much time you go to jail. Here the issue is going to focus
12 upon what's the witness say, how are you going to bring in
13 evidence of your own, how do you get subpoenas issued, what are
14 subpoenas.
15    MR. TOCKTOO: What are subpoenas?
16    THE COURT: Think.
17    MR. TOCKTOO: (Indiscernible - mumbled.) Making them
18 come. Something like that.
19    THE COURT: Right. Right. But what does one look like?
20 How do you fill it out? Who do you give it to to get it
21 served? What happens if somebody doesn't get served? What
22 do -- these are all things that are going to impact your
23 ability to have a trial. And right now you're in custody.
24    MR. TOCKTOO: I can see that, Your Honor.
25    THE COURT: And you might have trouble getting all the

Page 364

1 witnesses who might be helpful to you. There's nobody on the
2 outside who's going to be able to -- who necessarily is
3 interested in running around and helping you find people to do
4 things, to say things, who the witnesses are.
5    MR. TOCKTOO: I have something on -- I could get -- if I
6 could -- I mean so far the city council and the traditional
7 council bringing in a couple witnesses and the city -- both the
8 mayor and the president of traditional council are supposed to
9 be sending you a letter, signing -- saying that they're going
10 to be bringing in some witnesses of me -- of mine. All they
11 just need to know is, when is the trial date.
12    THE COURT: What I'm trying to make sure you understand is
13 that if you don't know -- I mean I look at a trial a little bit
14 like building a house. It's a real complicated process. If
15 you wanted to build a house and you wanted to do it right, you
16 wouldn't start with the roof, you'd start with the foundation.
17 And then you'd build walls, and then you'd put on a roof, and
18 then someplace in there you'd want to worry about the plumbing
19 system, and electrical system, but if you don't know what a
20 trial is, you don't know whether to start at the top or the
21 bottom. You're not sure whether the pipes go in after the
22 walls go up or before the walls go up. Do you put the -- do
23 you put them on the inside or the outside? And all of those
24 things are going to be issues that, for you, years, and years,
25 and years of your life could depend on that. And the question

Page 365

1 I've got for you is whether you believe that that's what you
2 want to do, knowing those are the risks?
3    MR. TOCKTOO: Yes, Your Honor.
4    THE COURT: Mr. Tocktoo, you've seen a lawyer, you've
5 dealt with a lawyer as far as talking to them a number of
6 times, and I assume they've explained what the -- what charge
7 are and how you look at the elements of a crime and explain
8 what the law is to you, have they?
9    MR. TOCKTOO: Yes, Your Honor.
10    THE COURT: And I assume Ms. Bey did this before she was
11 relieved, and Mr. Lewis has done that now, is that true?
12    MR. TOCKTOO: Could you repeat that again, Your Honor?
13    THE COURT: Well, I assume when you started -- when you
14 were first in custody and first started dealing with Mr. Bey,
15 and she came around and said, hi. My name is Kirsten Bey. I'
16 your attorney. I'm here to help you. If you had......
17    MR. TOCKTOO: Yes.
18    THE COURT: If you had questions about what the charges
19 are and those sort of things you asked them?
20    MR. TOCKTOO: Yes, Your Honor.
21    THE COURT: And did she explain what the law is, and what
22 the law says it is you did, and some of the details about these
23 charges?
24    MR. TOCKTOO: Yes, Your Honor.
25    THE COURT: Did the two of you go over the police reports

Page

1 at all to talk about what evidence the state had, and had
2 presented to the grand jury, things like that?
3    MR. TOCKTOO: Yes, Your Honor.
4    THE COURT: And in the -- as the two of you talked about
5 those things, did you ask her questions and she answer those
6 questions?
7    MR. TOCKTOO: All I got from Kirsten Bey was just -- seems
8 like she was just trying to let me admit to these crimes.
9    THE COURT: Okay. But if you had questions and you asked
10 her questions, did she answer those questions in a way that you
11 understood?
12    MR. TOCKTOO: No, Your Honor.
13    THE COURT: Okay. Do you understand what the charges are
14 in this case?
15    MR. TOCKTOO: Yes, Your Honor.
16    THE COURT: And you understand that the state is alleging
17 you had sexual penetration with some girls who were between 13
18 and 15?
19    MR. TOCKTOO: It wasn't me, Your Honor. That's all I'm
20 going to say.
21    THE COURT: I understand. I'm just saying you understand
22 that's what they're alleging?
23    MR. TOCKTOO: Yes, uh.
24    THE COURT: You understand to convict you of that charge
25 they have to prove that you're at least three years older than

Page 36

**Page 368**

1  those girls, those girls are between 13 and 15, or under six --
2  13 to 16, and there was some kind of sexual penetration. You
3  understand they have to prove those things?
4      MR. TOCKTOO: Yes, Your Honor.
5      THE COURT: And you understand they have to prove about
6  when it happened and about where it happened?
7      MR. TOCKTOO: Yes, Your Honor.
8      THE COURT: Okay. And you understand in one count they're
9  saying it was an attempted sexual penetration, which you made
10 some step towards that with a person who was under the age of
11 13. Understand that's what one of these charges is as well?
12     MR. TOCKTOO: Yes, uh. That's what I'd like to find out,
13 too. Where did that come from?
14     THE COURT: Well, didn't you and Ms. Bey have an
15 opportunity to look at the police reports and the grand jury
16 testimony?
17     MR. TOCKTOO: Yes, Your Honor.
18     THE COURT: Okay. And you understand that two of these
19 charges are -- three of these charges are class be felonies,
20 and each of those you can go to jail for up to 10 years and pay
21 a $50,000 fine?
22     MR. TOCKTOO: Yes, Your Honor.
23     THE COURT: And it may even be necessary for me to put
24 these charges so that they're not just to -- if you were
25 convicted of more than one it wouldn't have the same -- you

**Page 369**

1  wouldn't serve the same 10 years, you may have to serve 10 on
2  one before you start the 10 on the other?
3      MR. TOCKTOO: Yes, Your Honor.
4      THE COURT: And you understand that this other charge is a
5  class A felony, which is even more serious yet?
6      MR. TOCKTOO: Yes, Your Honor.
7      THE COURT: Go to jail for up to 20 years. And even
8  understanding how serious these all are, you still want to
9  represent yourself.....
10     MR. TOCKTOO: Yes, Your Honor.
11     THE COURT: .....knowing that you could have 20, 30, 40
12 years of your life at risk?
13     MR. TOCKTOO: I'll take that chance, Your Honor. Kirsten
14 Bey didn't want to go to trial. He doesn't want to go to
15 trial. He said he.....
16     THE COURT: No. That isn't what he said. He said he
17 didn't want to go to trial on June 16th. He said he wanted to
18 go to trial. You understand the difference between those two
19 things?
20     MR. TOCKTOO: I know. I know. I know that. But I'm
21 setting -- I want to set -- and get this case over with because
22 I'm tired of doing -- sitting up there and here I could have
23 been working at what I was going to training for.
24     THE COURT: But.....
25     MR. TOCKTOO: Just because I've got prior records, that

**Page 370**

1  means I'm going to be doing that all the time?
2      THE COURT: Does it mean you're going to be doing it all
3  the time?
4      MR. TOCKTOO: Yeah. Does that mean I'm going to be doing
5  that all the time on my prior record, just because I've got a
6  prior record?
7      THE COURT: You mean being arrested and being thrown in
8  jail and have to go to trial, or do you mean ultimately if
9  you're found guilty doing -- actually doing it.....
10     MR. TOCKTOO: No. No. On these char -- charges. On the
11 prior charges, sexual abuse of a minor.
12     THE COURT: Right.
13     MR. TOCKTOO: Just because I got those on my prior record,
14 does that mean I'm going to be doing the crime all the time?
15     THE COURT: Not at all. The law presumes you're innocent.
16     MR. TOCKTOO: That's why I want to go to trial on the
17 15th.
18     THE COURT: But the issue that I need to make sure you
19 understand, and it's clear in my mind that you do understand
20 the consequences, is that Mr. Lewis wants to try -- wants to
21 help you, wants to try your case, wants to present the evidence
22 on your behalf. He just doesn't want to do it on the 16th of
23 June, 15th of June, whenever that day is. But, if you go
24 forward, and you don't do as good a job as you could, if it's
25 because you just don't understand some things, and you're

**Page 371**

1  convicted, because even people who are innocent are convicted.
2  If you're innocent and are convicted because you just didn't
3  understand some things, you didn't know what rules to follow,
4  or didn't know what words to say, and you have to do 30 years
5  or 40 years, how -- you're never go -- you know, you're going
6  to be an old man before you get a chance to do the things
7  you're trained to do, as opposed to doing them in July instead
8  of maybe in June.
9      MR. TOCKTOO: That's why I got the people of Brevig
10 Mission behind my back.
11     THE COURT: I'm not saying you can't. I just want to make
12 sure you understand what the risks are.
13     MR. TOCKTOO: I know that, Your Honor.
14     THE COURT: So, you believe you understand what a lawyer
15 can do in trial?
16     MR. TOCKTOO: Yes, Your Honor.
17     THE COURT: And do you believe you understand all of the
18 help a lawyer could give you, both before trial, and during a
19 trial, and after a trial?
20     MR. TOCKTOO: (Indiscernible - mumbled.)
21     THE COURT: You understand that a lawyer's somebody --
22 especially like Mr. Lewis, has had years of doing this and has
23 gone through bunches and bunches of trial, knows a lot of the
24 tricks that Mr. Vacek might try to play, and wouldn't let him
25 play those tricks, and you've never even seen Mr. Vacek do

```
 1  anything in court? Never -- I mean do a trial in court, and
 2  you're still willing to go ahead and do this?
 3      MR. TOCKTOO: Yes, Your Honor.
 4      THE COURT: And you under.....
 5      MR. TOCKTOO: I'm just saying that I ain't going to put a
 6  continuance on -- on my trial date. It's going to be on the
 7  15th. Trial call's going to be on the 15th.
 8      THE COURT: Well, I'll keep asking questions and I'll make
 9  that decision. You won't. You understand?
10      MR. TOCKTOO: (Inaudible reply.)
11      THE COURT: And Mr. Tocktoo, you understand that, as I
12  say, Mr. Lewis had years of experience and years of formal
13  training in the law?, and you don't have any of that.
14      MR. TOCKTOO: No, Your Honor.
15      THE COURT: But you think -- you still want to go ahead
16  and try to represent yourself?
17      MR. TOCKTOO: Yes, Your Honor.
18      THE COURT: Mr. Tocktoo, have you ever had any mental
19  health examinations?
20      MR. TOCKTOO: Back in -- when Jim Gould was my lawyer.
21      THE COURT: And.....
22      MR. TOCKTOO: In '94.
23      THE COURT: I'm sorry?
24      MR. TOCKTOO: In '94, I guess was the time. There was one
25  doctor from Anchorage.
```

Page 372

```
 1      THE COURT: Okay. And did that doctor say there was
 2  anything wrong?
 3      MR. TOCKTOO: No, Your Honor. It should be on my record.
 4      THE COURT: Okay. Do you have any reason to believe that
 5  your thinking is in any way confused? Do you think you
 6  understand things real clearly?
 7      MR. TOCKTOO: Yes, Your Honor.
 8      THE COURT: Mr. Lewis, in the short time you had to speak
 9  with Mr. Tocktoo, is there anything at all has come up in
10  your -- any -- the slightest suggestion or hint that Mr.
11  Tocktoo may have any mental health problems such that he
12  couldn't think clearly or.....
13      MR. LEWIS: None at all, Judge.
14      THE COURT: .....act competently?
15      MR. LEWIS: None at all.
16      THE COURT: Mr. Tocktoo, you understand that if I allow
17  this trial to go forward with you representing yourself, you're
18  not going to be allowed to be disruptive, you're going to have
19  to follow the rules as I set them down. You get to speak when
20  I let you speak, and when I say no more, you have to be quiet?
21      MR. TOCKTOO: Yes, Your Honor.
22      THE COURT: And you understand if you don't follow those
23  rules we'll stop the trial and I'll appoint a lawyer and we'll
24  start all over again sometime at a later date?
25      MR. TOCKTOO: Yes, Your Honor.
```

Page 373

```
 1      THE COURT: Does the state take a position with regard to
 2  Mr. Tocktoo representing himself?
 3      MR. VACEK: Well, it's a remarkably stupid thing to do,
 4  but it's the plaintiff's decision. The decision the court is
 5  not whether he's competent to represent himself, but whether
 6  he's making -- whether he's competent to make the waiver.
 7      THE COURT: That's right.
 8      MR. VACEK: And I think the court has made certainly
 9  adequate inquiry.
10      MR. LEWIS: Judge, I know that I'm not -- I don't want to
11  disrupt the court's thinking here, or Mr. Tocktoo's thinking at
12  all, but there's one little piece of clarification that I want
13  to give for the court's information, and for Mr. Tocktoo's as
14  well, because, you know, in reviewing the pleadings that I got
15  there was some uncertainty on the court's part of whether or
16  not previous counsel would be allowed to withdraw and that sort
17  of thing. Just for the record, if I am withdrawn as Mr.
18  Tocktoo's attorney and he represents himself, if, at some
19  future time, the court, Mr. Tocktoo, anybody, makes a
20  determination that Mr. Tocktoo needs an attorney again,
21  ultimately I'm going to be the guy. There won't be another
22  attorney appointed other than myself, just because no one's
23  going to want to reinvent the wheel in therms of information.
24  So, that ought to be clear to the court, and also to Mr.
25  Tocktoo. I don't think that that's incomprehensible or
```

Page 3

```
 1  whatever, and I think that was all that I wanted to say. I can
 2  go through with you, because I went through the case law on
 3  this and give you some information about the decision making
 4  process here, but I don't need to do that.
 5      THE COURT: Well, clearly in this case the issue is
 6  whether Mr. Tocktoo is giving up his right to have an attorney,
 7  and I've got to find that he is voluntarily giving up that
 8  right. That his decision is an informed decision, and it's
 9  unconditional. He understands that he can't -- well, maybe I
10  think about it tomorrow, I'll change my mind. You understand,
11  Mr. Tocktoo that if you give up your right it's got to be
12  voluntary, it's got to be your own decision. I understand you
13  don't like the idea of possibly waiting, but other than that,
14  is there any reason at all you're -- you want to give up your
15  right to have a lawyer help you?
16      MR. TOCKTOO: Any reason?
17      THE COURT: Any reason.
18      MR. TOCKTOO: I want to go to trial on the 15th.
19      THE COURT: I understand that. You've made that
20  abundantly clear. The question I've got though, is anybody in
21  any other way encouraging you to give up your right to a
22  lawyer?
23      MR. TOCKTOO: No, Your Honor.
24      THE COURT: Is anyone threatening you in any way, letting
25  you believe that it would be either Mr. Lewis, Mr. -- people at
```

Page 375

**Page 376**

1 the jail, anybody anywhere threatening you in any way,
2 making -- things will work out better for you, or not as bad,
3 if you do this yourself?
4    MR. TOCKTOO: Well -- no, Your Honor.
5    THE COURT: And you're doing this because you want to and
6 for no other reason?
7    MR. TOCKTOO: Yes, Your Honor.
8    THE COURT: You -- provably -- do you understand what a --
9 you think it's pretty clear in your own mind that what an
10 attorney could do for you at trial? You think you understand
11 that?
12   MR. TOCKTOO: (Inaudible reply.)
13   THE COURT: If you'll just respond aloud?
14   MR. TOCKTOO: Yes.
15   THE COURT: Okay. And having that in mind you're still --
16 nevertheless, you want to proceed on your own?
17   MR. TOCKTOO: If I still have him for an attorney, when
18 would be my next trial call?
19   THE COURT: Trial would begin July 21st.
20   MR. TOCKTOO: Could I talk to him for a moment alone?
21   THE COURT: No problem, Mr. Tocktoo. This is important
22 stuff. So, yeah. We'll give you the opportunity to speak with
23 Mr. Lewis. We'll go off record.
24   (Off record)
25 2065

**Page 377**

1    (Other matters)
2 2209
3    THE COURT: Are we ready to go back on the Tocktoo matter?
4 Mr. Tocktoo, having had an opportunity to talk with Mr. Lewis,
5 where are we?
6    MR. TOCKTOO: I'm going to continue, Your Honor.
7    THE COURT: By continue, you mean you want to go forward
8 representing yourself?
9    MR. TOCKTOO: Yes, Your Honor.
10   THE COURT: You understand that that doesn't necessarily
11 preclude the possibility that the state may come in and ask for
12 a continuance on the 16th and I might give it to them? You
13 understand that's a possibility? And if that happens, you're
14 not going to then be able to say, hey, I want my lawyer back.
15   MR. TOCKTOO: What would be the reason for it?
16   THE COURT: I don't know. Everybody gets a chance to say,
17 hey, a witness isn't here, or hey, who knows what. People can
18 come in and can say, Your Honor, I want a continuance, and each
19 side has an opportunity to say why they want it. The other
20 side has a chance to say why they don't want it, and then I
21 make a decision. And simply because you gave up your lawyer so
22 that you could be ready for trial on the 16th of June doesn't
23 necessarily mean that there will be a trial on the 16th of June
24 because the state may say, hey, I've got a reason why we don't
25 want a trial, and if their reason is good enough, I may say,

**Page 378**

1 all right. We'll continue the case. And you need to
2 understand that that is a possibility, and if that does happen,
3 you're not going to then be able to say, oh, Your Honor, then I
4 want a lawyer back, because your right to a lawyer, if you give
5 it up today, is unconditional. You don't necessarily have a
6 right then to get a new one, to have Mr. Lewis come back.
7    MR. TOCKTOO: Yes, Your Honor.
8    THE COURT: And even understanding that, you still want to
9 give up Mr. Lewis as a lawyer and proceed?
10   MR. TOCKTOO: Yes, Your Honor.
11   THE COURT: Very well. Then I'll find that the defendant
12 in this case has expressed a desire to waive his right to be
13 represented by counsel, that after inquiry I find that the
14 defendant is waiving his right to a lawyer, understands what a
15 lawyer is and does, is voluntarily waiving that right. There
16 is no explicit or implicit promises, threats, coercion of any
17 kind being made against him to give up his lawyer. No promises
18 with regard to what the outcome will be, that this is a
19 voluntary decision made by himself, and he understands the
20 consequences, so I'll find that this is both a knowing and
21 voluntary waiver of his right to be represented. That he is
22 exercising his right to represent himself. That he understands
23 that this waiver is an unconditional waiver. I'll find that he
24 has highschool education, some college classes, prior
25 experience with the criminal law, even though he does not --

**Page 379**

1 has never seen a trial or participated in one. That he has,
2 while incarcerated, had the opportunity to review law books,
3 statutes, rules; has discussed this matter with other
4 individuals who are incarcerated and have had some experience
5 with the criminal justice system; discussed the matter with
6 prior attorneys in other cases, as well as two attorneys in
7 this case, and has had the opportunity to carefully think about
8 that.
9    Mr. Tocktoo, do you believe that additional time would be
10 helpful to you in finally and completely making sure this is
11 exactly what you want to do?
12   MR. TOCKTOO: No, Your Honor. No. At this -- this time,
13 I just want to get my case over with and (indiscernible) the
14 situation and starting working in (indiscernible) for me,
15 and.....
16   THE COURT: Then, Mr. Tocktoo, I'll find that you have
17 waived your right to an attorney, and I will allow you to
18 exercise your constitutional right to represent yourself. I
19 further find there is no evidence, based upon what I've heard,
20 of any problems, any mental health problems, and you can
21 represent yourself in a rational and coherent manner, I
22 believe. You certainly come across to me as someone who
23 understands the pluses and minuses. You speak about things
24 like Rule 45, and strike me as someone who understands your
25 rights. You've indicated you had some experience studying the

```
 1  Constitution. So, I believe that you certainly strike me as
 2  someone who is able to do this if you wish, and I think that
 3  you understand what -- exactly what you're giving up, what the
 4  risks are, and I'll allow you to proceed.
 5      Mr. Vacek, is there anything further you think I should
 6  inquire into?
 7      MR. VACEK: No, sir. (Indiscernible - away from
 8  microphone) the specific finding the court has made, the court
 9  has made an adequate inquiry into the potential consequences
10  (indiscernible - away from microphone) the nature of the
11  offense and the potential punishment for the offense.
12      THE COURT: All right.
13      MR. LEWIS: Judge, before I step out of this courtroom
14  here, there was one additional thing on Rule 45 that Mr.
15  Tocktoo had asked me to make sure we recalculated, and that was
16  that he wanted to know how many days have expired. I ran a
17  calculation for the court from what I understood, and if the
18  court has a clear statement of Rule 45 for Mr. Tocktoo, I know
19  he'd appreciate that.
20      THE COURT: I'm really not in a position at this time to
21  make a specific finding as far as when Rule 45 started, when
22  Rule 45 stopped. I will indicate to you, Mr. Tocktoo, that at
23  least the period of time between April the 20th, when the first
24  motion on behalf of the defense was filed by your then
25  attorney.....
                                                          Page 380
```

```
 1      MR. TOCKTOO: But, Your Honor, why did she tell me that
 2  my -- it had stopped on April 11th?
 3      THE COURT: I don't have an answer for what your attorney
 4  told you. I don't want to, and should not, inquire into the
 5  specifics of any conversation between you and your lawyer. I'm
 6  indicating that the court file reflects that on the 20th of
 7  April a motion was filed which sought to exclude evidence and
 8  sever counts. That subsequently, on May the 11th another
 9  motion was filed, and both of those motions were resolved by a
10  decision filed on the 22nd. Thereafter, a motion to withdraw
11  was filed. I don't specifically recall how much time was
12  associated with that motion, but it wouldn't have been very
13  long at all. So, all I can tell you is, the period of time
14  from April the -- at least the period of time from April the
15  20th to May the 22nd are excluded for purposes of Rule 45. In
16  addition -- I guess that's the only time.
17      There's also a reference to a period between May the
18  20th -- April the 20th and May 19th, but that's sort of
19  consistent with what was in your -- again, Mr. Lewis, without
20  having the ability to sit down and look at these things, I
21  can't really say.
22      MR. LEWIS: My representation's in the motion, Judge,
23  words to the effect that the trial date of June 15th was, as I
24  understood it, within the 120 day rule, and this was where I'm
25  at, so that's kind -- Mr. Tocktoo has that, if he chooses to
                                                          Page 381
```

```
 1  bring some motion to the court's attention, he'll do that, I
 2  suppose.
 3      THE COURT: And you have the right. The books are out at
 4  the court to -- or at the jail to take a look at that.
 5      UNIDENTIFIED VOICE: That starts out with what?
 6      THE COURT: We'll stand in recess.
 7      (Off record)
 8  2892
                                                          Page 382
```