**CALENDAR CALL**

BEFORE THE HONORABLE BEN J. ESCH
Superior Court Judge

Nome, Alaska
June 15, 1998
9:09 o'clock a.m.

APPEARANCES:

FOR THE PLAINTIFF:    JOHN R. VACEK
District Attorney
Post Office Box 160
Nome, Alaska 99762

FOR THE DEFENDANT:    EDWARD TOCKTOO
In Propria Persona

Page 383

---

**PROCEEDINGS**

2NO A-3813
2147

THE COURT: Any particular order on these?

MR. VACEK: No, sir. May we take Mr. Tocktoo first, sir?

THE COURT: Yeah. Mr. Tocktoo, why don't you come on down here. We'll try to see what we can do. This is the matter of State versus Edward Tocktoo, case 2NO-S98-38 criminal. This is the time set for trial call. Most recent in this the court received, Mr. Tocktoo, a letter which you filed -- or which was filed on the 10th of June. This letter indicates that were asking me -- or asking help to protect my rights on this issue of Rule 45 speedy trial.

MR. TOCKTOO: Yes, Your Honor.

THE COURT: All right. What I intend to do with this motion is treat it as a motion to dismiss for violation of Rule 45. Mr. Vacek, is there anything you want to say on the motion?

MR. VACEK: There was a motion filed which stopped the running of Rule 45. That was filed on April 20th, and decided by the court on the 22nd. Even not considering all of the problems attendant to the defendant firing his various attorneys, 32 days was excluded from the running of the rule just by that motion, and we're -- if trial commences tomorrow, which is the state's anticipation, we're well within 120 days.

Page 384

---

THE COURT: The way it adds up to me, too. Mr. Tocktoo, is there anything you want to say?

MR. TOCKTOO: Yes, Your Honor. I've been looking in the Rule 45 where it was saying that on excluded periods or a delay resulting from adjournment or continuance granted and timely requested with the consent of the defendant or the defendant's counsel, and I didn't give any agreement or sign any waiver. I mean Kirsten Bey that made these motions out.

THE COURT: As I tried to indicate earlier, Mr. Tocktoo, when the motions were filed Ms. Bey was your lawyer.

MR. TOCKTOO: Uh-huh.

THE COURT: Lawyer is given the duty and responsibility of filing motions on behalf of the defendant. The defendant does not necessarily have to agree with the filing of each motion, and at the time the motion was filed she was your attorney. They were good -- they were arguable motions. Clearly, if they had been resolved in your favor would have benefitted your case. As such, I will find that those fall under the portion of the rule which excludes from the running of Rule 45 time needed to resolve motions filed on behalf of the defendant. Therefore, your 120 days have not expired, and the motion is denied.

The next matter raised in your letter, you indicate: I ask you, Your Honor, and come before your court as an indigent person and ask this court again for guidance in my situation

Page 385

---

with counsel, which, under Article I, Section 7(g), right to counsel, the way I read this section is, I am at the mercy of the court to assign me counsel regardless of indifferences with my prior counsels, Kirsten Bey and Robert Lewis.

Mr. Tocktoo, what is the status of your request with regard to a lawyer? I thought we'd gone through this. Have you changed your mind?

MR. TOCKTOO: Not really, Your Honor. Just kind of having a confusing time doing this on my own.

THE COURT: I think we talked about how difficult it was going to be. Some understanding that you thought there might be somebody who might want to help you from pro bonos?

MR. TOCKTOO: Yes, Your Honor.

THE COURT: I'm having some trouble understanding. Could you explain a little more what you're talking about?

MR. TOCKTOO: Pro bonos, and there is a couple guys there I would want to be aside of me during trial.

THE COURT: Doesn't work that way, Mr. Tocktoo. You get a lawyer who's licensed to practice law, or you get to do it yourself. You don't get to pick and choose people off the street to come sit here.

MR. TOCKTOO: Okay, Your Honor.

THE COURT: Anything else you want to address before trial then?

MR. TOCKTOO: Yes, Your Honor. I'd like to see the

Page 386

1 state's evidence that -- some police reports that are these two
2 juveniles -- on these two juveniles, because the investigating
3 trooper stated after he turned off his recorder that he would
4 get some DNA testing, and I told him, I don't care.
5    THE COURT: Did they get the DNA testing?
6    MR. TOCKTOO: That's what I'd like to know. I'm just.....
7    MR. VACEK: There's no such evidence, Your Honor.
8    THE COURT: Then that's the answer to that, Mr. Tocktoo.
9 There isn't any DNA test.
10   MR. TOCKTOO: So there is no evidence then? Just.....
11   THE COURT: Sure there is. There's.....
12   MR. TOCKTOO: Just on the same and the girls are saying,
13 and they're just laughing like it's a joke. They're telling
14 jokes or something in the police report.
15   THE COURT: I don't get to read the police reports. I'll
16 find that out at the time of trial.
17   MR. TOCKTOO: And Your Honor, I found an Alaska Statute, a
18 rule -- Alaska Statute, section 12.45.05 on these motions, on
19 your motions and it was faxed to me on June 10th.
20   THE COURT: 045 what?
21   MR. TOCKTOO: 12.45.045, Alaska Statute.
22   THE COURT: Uh-huh.
23   MR. TOCKTOO: And on evidence -- it just says on evidence
24 of past sexual conduct in trials of certain sexual offenses.
25 (a) In prosecutions for the crimes of sexual assault in any

Page 387

1 de -- any degree, sexual abuse of a minor in any degree, or
2 unlawful explosion of a minor, or attempt to commit any of
3 these crimes, evidence of the complaining witness' previous
4 sexual conduct may not be admitted nor reference be made to it
5 in the presence of the jury except as provided in this section.
6 When the defendant seeks to admit the evidence for any purpose,
7 the defendant shall apply for an order of the court at any time
8 before or during the trial or preliminary hearing. After the
9 application is made, the court shall conduct a hearing in
10 camera to determine the admissibility of the evidence. If the
11 court finds that evidence offered by defendant regarding sexual
12 conduct of the complaining witness is relevant, and that the
13 probative value of evidence offered is not outweighed by the
14 probability that its admission will create undue prejudice.
15   THE COURT: Well, the question I've got then, is it your
16 intent -- are you telling me it's your intention that you
17 would -- that you intend to introduce evidence of the
18 complaining witness' prior sexual conduct?
19   MR. TOCKTOO: (Indiscernible - mumbled.)
20   THE COURT: Well, unless you tell me before trial, you
21 can't do it. That's what the rule say -- that's what this
22 statute says.
23   MR. TOCKTOO: What I noticed, too, when I got indicted,
24 was that the (indiscernible) and the district attorney brought
25 up my prior records. That shouldn't have been brought up.

Page 388

1    THE COURT: I ruled it was admissible.
2    MR. TOCKTOO: Even when I got indicted and.....
3    THE COURT: As to evidence of past sexual conduct, the
4 state anticipate introducing evidence of any past sexual
5 conduct of the victims in this case?
6    MR. VACEK: I hadn't anticipated the state presenting any
7 evidence, Judge. I think we can probably deal with the
8 defendant attempting to present that if and when it arises.
9    THE COURT: All right.
10   MR. TOCKTOO: Your Honor, is the state going to be
11 bringing in my witnesses for trial?
12   THE COURT: The state doesn't do that. That's defense's
13 job. The state will bring in some witnesses that he -- that
14 they think have relevant information to offer as to the
15 likelihood that you committed the offense, but the state
16 doesn't bring in your witnesses. As I recall at our hearing,
17 you said the people in Brevig Mission were going to bring in
18 your witnesses, or they were going to come in on their own.
19   MR. TOCKTOO: It's -- there -- a couple of them are coming
20 in.
21   THE COURT: Well, if you've got others that, for some
22 reason don't want to come, we can get subpoenas out, give you
23 the forms for getting subpoenas issued. Do they need
24 subpoenas?
25   MR. TOCKTOO: What's that, Your Honor?

Page 389

1    THE COURT: Do your witnesses need subpoenas? In other
2 words.....
3    MR. TOCKTOO: Some of them would be, yeah.
4    THE COURT: .....are they unwilling to come unless they
5 get an order from the court saying to be here?
6    MR. TOCKTOO: No, Your Honor. They're willing to come if
7 the state.....
8    THE COURT: Okay.
9    MR. TOCKTOO: .....is going to be paying their way.
10   THE COURT: Excuse me? I didn't understand that part
11 about the state paying their way.
12   MR. TOCKTOO: They're -- they're willing to come if the
13 sate is paying their way, my witnesses.
14   THE COURT: Do you have a list of those people?
15   MR. TOCKTOO: Yes, Your Honor. Steven Olanna, Leonard S.
16 Olanna.
17   THE COURT: I'm sorry. Let's have that list again. Who
18 was the first one?
19   MR. TOCKTOO: Steven Olanna, Leonard S. Olanna, Jonathan
20 Tocktoo, Walter Seetot, and the other two, they will be
21 paying -- the city council and the traditional council will be
22 paying their way.
23   THE COURT: But as to Steven Olanna, Leonard S. Olanna,
24 Jonathan Tocktoo, and Walter Seetot.....
25   MR. TOCKTOO: Yes, Your Honor.

Page 390

### Page 391

1  THE COURT: ....they won't pay their way?
2  MR. TOCKTOO: No, Your Honor.
3  THE COURT: Mr. Vacek, is there any likelihood that any
4  four of these individuals are on your witness list?
5  MR. VACEK: They are not, Judge.
6  MR. TOCKTOO: Your Honor, I wrote a letter to Mr. Botelho,
7  too.
8  THE COURT: Okay.
9  MR. TOCKTOO: And I'd like to read it out if it's okay,
10 or.....
11 THE COURT: Well, what the heck. Sure. Go ahead.
12 MR. TOCKTOO: Okay. This is to Mr. Botelho, attorney's
13 office -- Attorney General Office, from Edward Tocktoo, case
14 number 2NO-S98-0038. Mr. Botelho: The reason I'm writing this
15 letter is regarding that I was misconduct by Kirsten Bey, who
16 is the public defender here in Nome, and my second lawyer was
17 Mr. Robert Lewis out of Anchorage. He withdraw from my case
18 because I wanted to go to trial on the 15th and he wanted to go
19 to trial on the 24th of July.
20    Anyway, back in the 20th of 1998, Kirsten Bey made motions
21 to the court on her own, just to stop my 120 days for speedy
22 trial, Rule 45. Mr. Botelho, I did not agree or sign any
23 waiver with Kirsten Bey, nor the court, to stop my 120 days for
24 speedy trial. I've been incarcerated since the 24th of
25 January, and yet the court has been moving my trial call

### Page 392

1  without my permission. Also, any time during my court dates
2  Kirsten Bey has not mentioned about a missing tape, and Mr. Roy
3  Bradley's VPO logbook, who is the village police officer, but
4  resigned from his job a few weeks after I was arrested, and his
5  logbook has some names that can help me out in trial, which is
6  coming up.
7     At one time I had tried to mention to Judge Ben Esch that
8  I did not tell Kirsten Bey to make any motions, and she made
9  those motions on her own behalf, and (indiscernible) stating,
10 Judge Esch replied to me that Kirsten Bey did not needed my
11 permission to make any motions. So the court here in Nome is
12 telling me that in my case Rule 45 for a speedy trial does not
13 exist, and I don't have any rights on Rule 45(d)(2). Also, Mr.
14 Lewis tells me that Rule 45 for speedy trial was meaningless.
15    Mr. Botelho, just because I got similar -- excuse me.
16 Just because I got prior record similar to this case, and plead
17 no contest in the past, and now I am being charged with these
18 four counts, and I will be voluntarily representing myself
19 during trial. Does that means I don't have any rights for a
20 speedy trial, and all the evidence which I did not receive from
21 any of my lawyers, or to prove the investigating officer
22 tampered with some evidence of mine?
23    I'd like to thank you, Mr. Botelho for your spending a
24 little time to read my letter, and I hope you can help me solve
25 my problems.

### Page 393

1  THE COURT: Well, I don't know whether he'll be able to
2  help you solve your problems or not, but just an idea t point
3  out that Mr. Botelho and Mr. Vacek are on the same side.
4  Where are the two Olannas, Mr. Tocktoo, and Mr. Seetot?
5  MR. TOCKTOO: In Brevig.
6  THE COURT: All right. I'll have to check with the
7  administration of the courts to find out how the process --
8  what process exists for an individual who is rep -- an indigent
9  individual representing themselves gets that matter addressed.
10 So, what I would propose to do is schedule this -- bring Mr.
11 Tocktoo back at 1:30. How does that sound, Mr. Vacek?
12 MR. VACEK: That's fine, Judge.
13 THE COURT: And we'll schedule this matter to begin to
14 9:00 o'clock with the jury selection tomorrow.
15 MR. TOCKTOO: Yes, Your Honor.
16 THE COURT: Anything else, Mr. Tocktoo?
17 MR. TOCKTOO: No, Your Honor.
18 THE COURT: All right. Are you in contact with, or do you
19 know how someone else could get in contact with Steven Olanna,
20 Leonard S. Olanna, Jonathan Tocktoo, and Walter Seetot?
21 MR. TOCKTOO: I -- I can call. But right -- right now
22 might be a bad time since they're out boating.
23 THE COURT: Well, if it is, you're going to have a real
24 difficult time then, because I can do what I can to make
25 transportation available, but if they can't receive notice,

### Page 394

1  you've got yourself in a difficult spot.
2  MR. TOCKTOO: Okay, Your Honor.
3  THE COURT: Very well.
4  (Off record)
5  3378